IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM K. CARTER,

    Plaintiff,

vs.

QUINTON WHITE, et al.,

    Defendants.

No. 04-1293-T/An

ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

    Plaintiff, William K. Carter, inmate registration number 136885, an inmate at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed this complaint under 42 U.S.C. § 1983. The Clerk of Court shall file the case and record the defendants as Quinton White, Glenn Turner, and A. Pilgrim.

I.    <u>Class Action</u>

    The preliminary issue raised by this case is the plaintiff's attempt to orchestrate what is, in effect, a class action. A separate sheet of paper is attached to the complaint as page 1A which lists twelve inmates as plaintiffs in addition to Carter. Those inmates are: Russell Hite, registration number 320649; William Johnson, registration number 358955; Michael Newcomb, registration number 357037; Ricky Miller, registration number 119216; Bobby Dobbs, registration number 341888; Joseph Rushing, registration number 315728; Mark Medley, registration number 358446; Steve V. Walker, registration number 101964; Travis E. Gibson, registration number 296683; Brandon Tipton, registration number 358664, Comer Vance, registration number 161255; and Quinn R. Hutchinson, registration number

366658. No purported plaintiff other than Carter submitted affidavits to proceed in forma pauperis, nor did they sign the last page of the complaint under penalty of perjury.

Fed. Rule Civ. P. 11 requires that every pleading be signed by an attorney, or if the party is not represented by an attorney, be signed by the party. Accordingly, as Carter is the only plaintiff to comply with Rule 11, he is the only plaintiff in this case. The Clerk shall delete from the docket any reference to Hite, Johnson, Newcomb, Miller, Dobbs, Rushing, Medley, Walker, Gibson, Tipton, Vance, and Hutchinson as plaintiffs.

Insofar as Carter is attempting to seek class certification under Fed. R. Civ. P. 23(a)(4), he is not entitled to file this case on behalf of any other inmate. Pro se prisoners are not adequate class representatives able fairly to represent the claims of the class. Inmates, Washington County Jail v. England, 516 F. Supp. 132 (E.D. Tenn. 1980), aff'd, 659 F.2d 1081 (6th Cir. 1981). Neither does plaintiff have a cause of action under § 1983 against any defendant based on his witnessing alleged violations of the constitutional rights of other inmates. Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir. 1986); Rogers v. Gilless, No. 95-2220-Ml/Bre (W.D. Tenn. Apr. 28, 1995) (following Coon in dismissing claims by jail detainee as frivolous). Cf. Jaco v. Bloechle, 739 F.2d 239, 241 (6th Cir. 1984)(holding § 1983 cause of action is personal to the injured party); Krum v. Sheppard, 255 F. Supp. 994, 997 (W.D. Mich. 1966)(holding only an injured party has standing to sue). Carter, thus, cannot assert any violations of other inmates' rights.

Furthermore, the attempted class action interferes with the Court's duty to apply § 1997e(a) as a threshold matter to this case. The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

The conclusory complaint raises multiple issues. Each individual prisoner must demonstrate that he has exhausted his available administrative remedies on each claim presented. The complaint fails to make such a demonstration as to any purported plaintiff. "District courts should not have to hold time-consuming evidentiary hearings in order simply to determine whether [they] should reach the merits or decline under the <u>mandatory</u> language of § 1997e ("No action shall be brought . . . .")." <u>Id.</u> (emphasis added). Furthermore, <u>Knuckles-El</u> indicates that this inquiry is jurisdictional: "[i]n the absence of specific averments, a district court must hold an evidentiary hearing or otherwise spend a lot of time with each case just trying the find out whether it has <u>jurisdiction</u> to reach the merits." <u>Id.</u> (emphasis added).

To the extent that the complaint may be construed as containing a motion for class certification, the motion is DENIED. Any other inmate seeking to file a complaint must do so independently after exhausting administrative remedies on the claim he wishes to raise.

II.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement. It is ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of

the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The obligation to pay this filing fee shall continue despite

the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

III.    Analysis of Plaintiff's Claims

Carter sues Tennessee Department of Correction (TDOC) Commissioner Quinton White, HCCF Warden Glenn Turner, and Job Coordinator A. Pilgrim. Plaintiff alleges that the defendants do not provide protective custody inmates with jobs, vocational, educational, or rehabilitation programs which would allow them to earn wages and sentence credits. He alleges that general population inmates are allowed these opportunities. Carter states that the denial of equal treatment has caused mental and physical distress. Plaintiff's claims are phrased in conclusory fashion on behalf of all protective custody inmates at the WCF, therefore the claims do not relate facts demonstrating any specific deprivation or act committed by any defendant which affected the plaintiff personally.

Plaintiff alleges that he "[f]iled numerous grievance, request [sic] forms, and sent personal letters" that were not "satisfactorily" resolved. He also alleges in conclusory fashion that "[t]he plaintiffs have made numerous attempts from March 2004 until October of 2004 to resolve their complaint via the state grievance procedure and have fully exhausted their administrative remedies." Plaintiff did not attach any grievances to the complaint.

Forty-two U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d at 1104. The allegations of the complaint are insufficient to demonstrate that Jackson exhausted or attempted to exhaust his remedies on any claim presented. In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

5

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

This complaint is fully within the scope of § 1997e. Carter's complaint presents multiple claims and his allegations are clearly insufficient to satisfy the exhaustion requirements of § 1997e(e).[1] As plaintiff failed to exhaust his administrative remedies before filing this complaint, the Court dismisses the complaint without prejudice under 42 U.S.C. § 1997e(a).

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs, an appellate court must also dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.

Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, plaintiff would not yet be able to present an issue in good faith on appeal

---

[1] An inmate can exhaust administrative remedies in two ways. He might file the grievance and then appeal it through all administrative levels made available by the particular institution or government agency. Alternatively, he might attempt in good faith to follow the procedure and demonstrate that the institution or agency has completely frustrated the procedure and rendered further exhaustion efforts futile. This complaint alleges neither method of exhaustion by Jackson.

because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 30th day of June, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01293 was distributed by fax, mail, or direct printing on June 30, 2005 to the parties listed.

---

William K. Carter
HCCA-WHITEVILLE
136885
P.O. Box 549
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT